IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WILLIAM GARY STAPLETON, | § | CASE NO. 14-42478 |
| | § | (Chapter 7) |
| | § | |
| DEBTOR | § | |
| _____ | § | |
| STARFISH INVESTMENTS, LP | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 15-04048 |
| | § | |
| WILLIAM GARY STAPLETON | § | |
| Defendant | § | |

**ANSWER TO COMPLAINT TO DETERMINE**
**<u>DISCHARGEABILTY OF DEBT AND OBJECTION TO DISCHARGE</u>**

William Gary Stapleton (the "Defendant") files his Answer to the Complaint to Determine Dischargeability of Debt and Objection to Discharge (the "Complaint" filed by Starfish Investments, L.P. (the "Plaintiff") as follows:

1. The Defendant admits the assertion of jurisdiction set forth in paragraph 1 of the Complaint.

2. The Defendant admits the assertion of venue set forth in paragraph 2 of the Complaint.

3. The Defendant can neither admit nor deny the allegations set forth in paragraph 3 of the Complaint.

4. The Defendant admits the allegations set forth in paragraph 4 of the Complaint.

5. The Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6. The Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7. The Defendant denies the allegations set forth in paragraph 7 of the Complaint.

8. The Defendant denies that the Plaintiff is entitled to the relief requested in paragraph 8 of the Complaint.

9. The Defendant admits the allegations set forth in paragraph 9 of the Complaint.

10. The Defendant admits that a loan was made in the amount of $501,500, but denies the remaining allegations set forth in paragraph 10.

11. The Defendant admits the allegations set forth in paragraph 11 of the Complaint.

12. The Defendant admits the allegations set forth in paragraph 12 of the Complaint but cannot admit nor deny the total amount now due as asserted.

13. The Defendant denies the allegations set forth in paragraph 13 of the Complaint but admits that records have been lost due to a computer drive failure.

14. The Defendant cannot admit nor deny the allegations set forth in paragraph 14 since the Plaintiff did not attach a copy of the referenced document. To the extent the document exists, the document speaks for itself and therefore no response is required.

15. The Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. The Defendant admits the allegations set forth in the paragraph 16 of the Complaint as to his current place of residence although he is not the owner.

17. The Defendant admits the allegations set forth in the first two sentences of paragraph 17, but denies the remaining allegations therein.

18. The Defendant denies the allegations and characterizations set forth in paragraph 18 of the Complaint but admits that he entered into a Partition Agreement with his wife on January 1, 2012.

19.     The Defendant denies that the Partition Agreement assigned or changed any liability with regard to the Promissory Note and Amended Note.  The Defendant admits the various assets set forth in the chart in paragraph 19 accurately depict those specific assets addressed by the Partition Agreement.

20.     The Defendant denies the characterization of the deposition testimony of Laura Stapleton regarding the value of the assets in the first sentence of paragraph 20.  The Defendant cannot admit nor deny the allegation set forth in the second sentence of paragraph 20 as the allegation is unclear whether the Plaintiff is referring to the value of the assets at the time of the Partition Agreement or the time the deposition was taken.

21.     The Defendant denies the conclusions set forth in paragraph 21 of the Complaint.

22.     The Defendant denies that allegations and conclusions set forth in paragraph 22 of the Complaint.

23.     The Defendant admits that a portion of the property situated at 1171 Stacy Road was sold to the Reinhards in August 2013 but denies the remaining allegations set forth in paragraph 23 of the Complaint.

24.     The Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25.     The Defendant admits the allegations set forth in the first sentence of paragraph 25 of the Complaint but denies the remaining allegations and conclusions set forth therein.

26.     The Defendant admits the allegations set forth in paragraph 26 of the Complaint.

27.     The Defendant admits the allegations set forth in the first sentence of paragraph 27 of the Complaint but denies the remaining allegations and conclusions set forth therein.

28. The Defendant admits that he and his wife temporarily reside at 1161 Stacy Road in Fairview, Texas, but denies the remaining allegations set forth in paragraph 28 of the Complaint.

29. The Defendant admits that he was the sole shareholder of the general partner of the 1161 Partnership, but denies the remaining allegations set forth in paragraph 28 of the Complaint.

30. The Defendant admits Designation of Homestead documents were filed, but denies the remaining allegations set forth in paragraph 30.

31. The Defendant responds that the Designations of Homestead documents reference in paragraph 31 of the Complaint speaks for themselves and no further response is required.

32. The Defendant admits that there are three (3) parcels of property situated at 1171 Stacy Road and that one parcel was sold to the Reinhards in an arms-length transaction. Virtually all of the sale funds were used to pay off the existing mortgage. Defendant denies the remaining allegations set forth in paragraph 32 of the Complaint.

33. The Defendant admits that he has claimed 2 adjacent parcels at 1171 Stacy Road as his homestead, but denies the remaining allegations and characterizations set forth in paragraph 33 of the Complaint.

34. The Defendant denies that allegations and conclusions set forth in paragraph 34 of the Complaint.

35. The Defendant denies that allegations set forth in the first sentence of paragraph 35 of the Complaint. Defendant admits the second sentence of the paragraph.

36. The Defendant denies that allegations set forth in paragraph 36 of the Complaint.

37. The Defendant incorporates his responses to the forgoing paragraphs in response to paragraph 37 of the Complaint.

38. The Defendant denies the Plaintiff is entitled to the relief requested in paragraph 38 of the Complaint.

39. The Defendant denies the allegations set forth in paragraph 39 of the Complaint and denies the Plaintiff is entitled to the relief requested therein.

40. No response is required to paragraph 40 of the Complaint, but Defendant denies the Plaintiff is entitled to the relief described therein.

41. The Defendant denies the Plaintiff is entitled to the relief requested in paragraph 41 of the Complaint.

42. The Defendant incorporates his responses to the forgoing paragraphs in response to paragraph 42 of the Complaint.

43. The Defendant denies the allegations set forth in paragraph 43 of the Complaint and denies the Plaintiff is entitled to the relief requested therein.

44. The Defendant denies the Plaintiff is entitled to the relief requested in paragraph 44 of the Complaint.

45. The Defendant incorporates his responses to the forgoing paragraphs in response to paragraph 45 of the Complaint.

46. The Defendant denies the allegations set forth in paragraph 46 of the Complaint and denies the Plaintiff is entitled to the relief requested therein.

47. The Defendant denies the Plaintiff is entitled to the relief requested in paragraph 47 of the Complaint.

48. The Defendant incorporates his responses to the forgoing paragraphs in response to paragraph 48 of the Complaint.

49. The Defendant denies the allegations set forth in paragraph 49 of the Complaint and denies the Plaintiff is entitled to the relief requested therein.

50. The Defendant denies the Plaintiff is entitled to the relief requested in paragraph 50 of the Complaint.

51. The Defendant incorporates his responses to the forgoing paragraphs in response to paragraph 51 of the Complaint.

52. No response is required to paragraph 52 of the Complaint, but Defendant denies the Plaintiff is entitled to the relief described therein.

53. The Defendant denies the allegations set forth in paragraph 53 of the Complaint and denies the Plaintiff is entitled to the relief requested therein.

54. The Defendant denies the Plaintiff is entitled to the relief requested in paragraph 54 of the Complaint.

55. Any allegation not specifically admitted is hereby denied.

56. Movant has repeatedly complained about Debtor's "lavish lifestyle," aware that such generalization is often persuasive where debtors seek the safe haven of bankruptcy. Laying aside that various levels of lifestyles are subjective by its very nature, it should not be overlooked that the Debtor never voluntarily sought the refuge of bankruptcy. The Plaintiff is alone responsible for placing the Debtor in this proceeding by the filing of an involuntary petition. Yet the Plaintiff persists in unjustly portraying the Debtor as looking for the easy way out, when it only has itself to blame for creating this predicament in which it finds itself.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court deny all relief requested by Plaintiff and dismiss all claims brought by Plaintiff, and for such further relief, general or special, at law or in equity, to which the Defendant may be entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By:  */s/ John Paul Stanford*
     John Paul Stanford
     Texas Bar No. 19037350

ATTORNEYS FOR WILLIAM GARY STAPLETON

### CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2015, a true and correct copy of the foregoing instrument was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case, and by regular U.S. first class mail, postage prepaid, on: US Trustee, Office of the U.S. Trustee, 110 N. College Ave., Suite 300, Tyler, TX 75702

  */s/ John Paul Stanford*